# Osterheldt *v.* Philadelphia.

*Road law—Laying out streets according to plan—Act of May* 9, 1889,
*P. L.* 172—*Referee's findings of fact—Reargument.*

On a motion for a reargnment in a case where a landowner is seeking
to avail himself of the benefit of the act of May 9, 1889, if the landowner
claims that the street in question had been vacated and that its vacation was
proved before the referee, and it appears that the referee and the court be-
low had made no finding upon this subject, and it also appears that the
Supreme Court's decision is correct on the facts actually found by the
referee, the Supreme Court will refuse a reargument, but will permit the
landowner to apply to the court below to open the judgment directed to be
entered by the Supreme Court and inquire whether the street had been le-
gally vacated.


Motion for reargument.


OPINION BY MR. JUSTICE MESTREZAT, April 23, 1900:

This is an application for a reargument of this case and the
reason assigned is that the court in the opinion filed " ignored
the effect of the fact proved before the learned referee that the
board of surveyors, in 1874, acting under authority of the or-
dinance of the city councils of 1873, revised the plan of the
streets in the locality in question and struck from the said re-
vised plan Preston street as dedicated by Peters (appellees'
grantor)."

We disposed of the case on the facts found by the referee.
While the board of surveyors may have omitted Preston street
from the revised plan in 1874, thereby vacating it, the fact is
not found by the referee and only appears inferentially in the
argument of counsel. This was vitally important to the appel-
lees and if, as they now allege, it was proved before the referee
and is a fact, and they expected it to be considered by the court
below or by this court, they should have had it found by the
referee. The decision of the case is correct on the facts pre-
sented for our consideration, and we must, therefore, refuse the
motion for a reargument. But as it is now claimed by the
plaintiffs that the street was vacated in 1874, by omitting it
from the revised plan of streets in that locality we will give the
appellees an opportunity to show the fact. Should they succeed

in showing that the street was vacated, as they allege, it would apparently bring the case within our recent decision of Wetherill v. The City of Philadelphia, in which we have held the property owner is entitled to recover damages.

The motion for a reargument is refused, with leave to the appellees to apply to the court below to open the judgment and inquire whether Preston street was legally vacated by a revision of the plan of streets in 1874 in pursuance of an ordinance of the city councils.